THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROGER PAUL LANKFORD<br>5593 W. STATE ROUTE 41<br>COVINGTON, OHIO 45318 | : | |
| Plaintiff, | : | CASE NO. 1:14-cv-682 |
| v. | : | JUDGE Timothy S. Black |
| | : | MAGISTRATE JUDGE |
| RELADYNE, LLC<br>5228 RIVER RD<br>CINCINNATI, OH 45233 | : | |
| and | : | |
| FOUR O CORPORATION<br>5228 RIVER RD<br>CINCINNATI, OH 45233 | : | |
| Defendants. | : | **Jury Demand Endorsed Herein** |

## AMENDED COMPLAINT

NOW COMES Plaintiff Roger Paul Lankford ("Plaintiff") and proffers this First Amended Complaint for damages against RelaDyne, LLC, and Four O Corporation ("Defendants").

## THE PARTIES

1. Plaintiff is a natural person residing in Miami County, Ohio.

2. Defendant RelaDyne is an Ohio Limited Liability Company doing business in the Southern District of Ohio.

1

3. Defendant Four O Corporation is an Ohio Corporation doing business in the Southern District of Ohio.

4. Plaintiff is an "eligible employee" as defined by the Family Medical Leave Act, 29 U.S.C. § 2611(2).

5. Plaintiff is an employee as that term is defined under the Family Medical Leave Act ("FMLA"), and as defined by the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, *et seq*. ("ADA") and by O.R.C. Chapter 4112.

6. Defendants are "employers" as defined by 29 U.S.C. § 2611(4)(A), and as defined by the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, *et seq*. ("ADA") and by O.R.C. Chapter 4112.

7. At all times relevant herein, Defendants were engaged in commerce or an industry or activity affecting commerce, and employed 50 or more employees for each working day during each of 20 or more calendar workweeks at all times during Plaintiff's employment.

## JURISDICTION AND VENUE

8. All counts contained herein are brought pursuant to the laws of the United States, therefore this Court has jurisdiction pursuant to 28 U.S.C. §1331.

9. This action is brought pursuant to the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, *et seq*. ("ADA"), the Family and Medical Leave Act of 1993 ("FMLA"), the Ohio Laws of Discrimination, R.C. Chapter 4112 ("Chapter 4112"), and 28 U.S.C. §1331. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

10. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendants have their facility in Cincinnati, Ohio, at which the events in question took place.

## FACTUAL BACKGROUND

11. Plaintiff began working for Defendants on or about September 2008 as a territory sales representative.

12. Plaintiff's job was a full-time, salaried position based on a 40-hour work week.

13. During his employment, Plaintiff consistently performed at or above expectations.

14. In or around January of 2014, Plaintiff consulted with a specialist and both Plaintiff and the specialist concluded that Plaintiff's existing disability was worsening. As such, Plaintiff's disability required medical leave for treatment.

15. In January of 2014, Plaintiff requested FMLA leave for treatment related to his disability.

16. On or around January 29, 2014, Defendants' Vice President of Human Resources, Walt Rodgers, approved Plaintiff's FMLA leave.

17. Plaintiff also informed his direct supervisor, Tony Downs, of his FMLA leave and the reason for his treatment.

18. Plaintiff was approved for a FMLA leave through March 5, 2014.

19. In or around February of 2014, Plaintiff was satisfied with his progress related to his disability, and was released from his treatment so he could return to work. Plaintiff executed release papers documenting his release from treatment.

20. Plaintiff then contacted Tony Downs and informed Mr. Downs that he was able to return to work.

21. Mr. Downs told Plaintiff that Defendants' representatives had to meet with him first. Accordingly, Mr. Downs told Plaintiff to report to work on February 17, 2014 at 10:00 a.m.

22. On February 17, Plaintiff reported to Defendants' main office, where a meeting was held with Plaintiff, Tony Downs, and David Luke (Safety and Theft Prevention Officer).

23. During the meeting, Mr. Luke told Plaintiff that he was being terminated.

24. Mr. Luke provided the reason as "theft and dishonesty."

25. Plaintiff was shocked and perplexed by the reasoning, and asked for additional details.

26. Mr. Luke told Plaintiff that he was being terminated because he gave a customer two cases of oil and an oil filter for free.

27. While Mr. Luke was talking to Plaintiff, Mr. Downs completed the termination sheet.

28. Plaintiff immediately explained that this was a customary promotional practice, and the cost of the promotion was treated as negative sales on his commission. In fact, Plaintiff explained that Mr. Downs personally approved Plaintiff's use of that promotion in November of 2013.

29. At that time, Mr. Downs recalled approving the promotion, and agreed with Plaintiff's explanation. Mr. Downs then scratched out "theft and dishonesty" as the reasons for termination on the form.

30. Mr. Luke then changed his reasoning and stated Plaintiff was being terminated because a specific customer was unhappy.

31. Again, Plaintiff was surprised because he had a very close business relationship with the customer. Plaintiff asked to call the customer to confirm that the allegation was true.

32. Mr. Luke then changed his reasoning again. He told Mr. Downs to cross out what he wrote, and to mark "other" as the reason for termination.

33. When Plaintiff asked Mr. Luke to explain what "other" meant, Mr. Luke told Plaintiff that in Ohio an employer does not have to give a reason.

34. Defendants' reason(s) are a pretext for unlawful discrimination and retaliation.

## COUNT I
**Retaliation - Violation of the Family Medical Leave Act**

35. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

36. Plaintiff is an "eligible employee" as defined by 29 U.S.C. § 2611(2).

37. Defendants are "employers" as defined by 29 U.S.C. § 2611(4)(A).

38. Plaintiff took approved leave under the FMLA immediately prior to his termination.

39. Plaintiff used leave for a specific duration in close proximity to his termination.

40. Plaintiff did not take more than 12 weeks of FMLA leave.

41. Plaintiff suffered an adverse employment action when Defendants terminated him from his position in retaliation for requesting FMLA leave and taking FMLA leave for treatment related to his serious medical condition.

42. Defendants violated the FMLA by retaliating against Plaintiff by terminating him from his position immediately after he returned from FMLA leave.

43. Defendants lacked good faith and/or reasonable grounds to believe that it had not violated the FMLA in its discharge of Plaintiff.

44. Defendants' violations of the Family and Medical Leave Act entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

## COUNT II
### Disability Discrimination – R.C. §4112.02

45. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

46. At all times material herein, Plaintiff suffered from an impairment within the meaning of Section 4112.01(A)(16) of the Ohio Revised Code.

47. At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. §4112.01(A)(13) of the Ohio Revised Code.

48. Defendants knew Plaintiff was disabled and/or regarded him as disabled.

49. Defendants were aware of the difficulties suffered by Plaintiff as a result of his disability.

46. Plaintiff's alcoholism substantially limits his ability to perform several major life functions and/or Defendants perceived Plaintiff's medical condition substantially limited his ability to perform major life functions.

47. Defendants discriminated against Plaintiff because of his disability by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him, creating false reasons for his termination, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

48. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendants are liable.

49. Defendants' conduct was willful, wanton, reckless and/or malicious for which Defendants are liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT III
### Disability Discrimination - Americans with Disabilities Act

50. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

51. This claim is brought under federal law, pursuant to 42 U.S.C. § 12101, *et seq.*, and as defined in 42 U.S.C. § 12101.

52. Plaintiff is an otherwise qualified individual.

53. Defendants knew or had reason to know Plaintiff suffered from a disability, and/or regarded him as disabled.

54. Plaintiff's alcoholism substantially limits his ability to perform several major life functions and/or Defendants perceived Plaintiff's medical condition substantially limited his ability to perform major life functions.

55. Defendants were aware of the difficulties suffered by Plaintiff as a result of his disability.

56. Defendants discriminated against Plaintiff because of his disability by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

57. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendants are liable.

58. Defendants' conduct was willful, wanton, reckless and/or malicious for which Defendants are liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

### COUNT IV
**Interference - Violation of the Family Medical Leave Act**

59. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

60. Plaintiff exercised his rights under the FMLA, as he gave notice to Defendants that he intended to take FMLA leave, was approved for FMLA leave and took FMLA leave for treatment related to his serious medical condition.

61. Defendants interfered with Plaintiff's FMLA rights by not returning him to his position after he returned from FMLA leave for treatment related to his serious medical condition.

62. Defendants lacked good faith and/or reasonable grounds to believe they had not violated the FMLA in its discharge of Plaintiff.

63. Defendants' violations of the Family and Medical Leave Act entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

## COUNT V
### Retaliation- R.C. §4112.02

64. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

65. Plaintiff engaged in a protected activity by requesting reasonable accommodation for his disability.

66. Defendants knew Plaintiff engaged in a protected activity.

67. Once Plaintiff engaged in the aforementioned protected activity, Defendants purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him, and/or by otherwise discriminating against him in the terms, privileges, and conditions of employment.

68. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including

but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendants are liable.

69. Defendants' conduct was willful, wanton, reckless and/or malicious for which Defendants are liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT VI
**Retaliation- Americans with Disabilities Act**

70. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

71. Plaintiff engaged in a protected activity by requesting reasonable accommodation for his disability.

72. Defendants knew Plaintiff engaged in a protected activity.

73. Once Plaintiff engaged in the aforementioned protected activity, Defendants purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him, and/or by otherwise discriminating against him in the terms, privileges, and conditions of employment.

74. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendants are liable.

75. Defendants' conduct was willful, wanton, reckless and/or malicious for which Defendants are liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ Peter G. Friedmann, Esq.
Peter G. Friedmann (0089293)
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, OH 43207
(Pete@thefriedmannfirm.com)
614-610-9756 (Phone)
614-737-9812 (Fax)

/s/ Greg R. Mansell
Greg R. Mansell (0085197)
**Mansell Law, LLC**
(Greg.Mansell@Ohio-EmploymentLawyer.com)
1457 S. High St
Columbus, Ohio 43207
Telephone: (614) 610-4134

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ Peter G. Friedmann
Peter G. Friedmann (0089293)