UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROGER PAUL LANKFORD,                          Case No. 1:14-cv-682
            Plaintiff,                        Judge Timothy S. Black
vs.

RELADYNE, LLC, *et al*.,
            Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS (Doc. 15)

This civil action is before the Court on Plaintiff's motion for sanctions (Doc. 15) and the parties' responsive memoranda (Docs. 17, 18).

## I.    BACKGROUND

Plaintiff Roger Paul Lankford alleges that Defendants Reladyne, LLC and Four O Corporation discriminated against him because of a disability in violation of the Americans with Disabilities Act (ADEA), interfered with his rights under the Family Medical Leave Act (FMLA), and retaliated against him in violation of federal and state law when Defendants terminated his employment in February 2014.

On December 17, 2014, Plaintiff served his requests for production of documents. Therein, Plaintiff asked Defendants to "[p]roduce all e-mails, instant messages, online chats, text messages, and any other electronic communication created or received by any employee of Defendant, which name, concern or relate to Plaintiff and the reasons surrounding Plaintiff's termination."  (Doc. 15-1).  Defendants indicated that they did not have any materials responsive to this request.  (Doc. 15-2) ("RESPONSE: None.").

On March 24, 2015, Plaintiff took the deposition of Tony Downs, Reladyne's General Sales Manager and Plaintiff's former supervisor.  On May 18, 2015, Plaintiff took the deposition of David Luke, Reladyne's Director of Loss Prevention.  Luke testified that he had conducted an investigation into Plaintiff and had e-mailed his investigative report to upper management.  (Doc. 18-1 at 43-45).  Luke's e-mail had not been provided in discovery.

Accordingly, Plaintiff asked Defendants to supplement the discovery and to provide all relevant electronic communications.  When the parties reached an impasse over who would perform the search of Reladyne's employees' e-mails — a third party or Reladyne's own IT personnel — Plaintiff requested a telephone conference with the Court to address the issue.  (*See* May 21, 2015 Notation Order).

The Court held a discovery dispute conference on May 22, 2015.  At the conference, the Court approved Defendants' plan to have Reladyne personnel conduct the search and ordered Defendants to produce responsive documents accordingly.  (*See* May 22, 2015Minute Entry and Notation Order).[1]

---

[1] The Minute Entry and Notation Order states, in relevant part: "Forthwith, Defendant shall search for e-mail messages (including deleted and archived messages) which are responsive to Plaintiff's requests for production. Specifically, Defendant shall search all custodians identified by plaintiff for all search terms identified by Plaintiff. If Plaintiff would like Defendant to search custodians or search terms beyond those already identified, he shall provide them to Defendant's counsel by close of business today. Defendant shall produce responsive e-mail messages to Plaintiff on or before 5/29/15. If, after reviewing this production, Plaintiff still has reason to believe that it is unresponsive or inaccurate, he should petition the Court for an additional informal discovery dispute conference, at which time the Court will consider whether a third party should be retained to conduct the search. Should either party determine that the production warrants an extension of the discovery deadline, it should, after conferring with opposing counsel, petition the Court for such an extension.  IT IS SO ORDERED." (*Id.*)

Following the conference, Defendants produced e-mails in which Reladyne's employees

discussed Plaintiff's FMLA leave and Plaintiff's termination. (*See* Docs. 15-4 to 15-7).

Plaintiff re-opened Downs's deposition to ask him questions about these e-mails.

At a subsequent status conference on June 11, 2015, the Court ordered as follows:

> By agreement of the parties, and for good cause shown, the
> dispositive motion deadline, final pretrial conference date, and trial
> date are VACATED and RESCHEDULED as follows: Dispositive
> motion deadline: 8/10/15. Final pretrial conference: 1/4/16 at 10:00
> a.m. in Cincinnati Chambers, Room 815. Jury Trial in Cincinnati:
> 1/11/16 at 9:30 a.m. <u>If Plaintiff wishes to move for costs associated
> with discovery necessitated by the recent e-mail production, he shall
> do so on or before 6/30/15.</u> IT IS SO ORDERED.

(*See* June 11, 2015 Minute Entry and Notation Order) (emphasis added).

On June 30, 2015, Plaintiff filed a motion seeking all available sanctions pursuant

to Federal Rule of Civil Procedure 37, including specified attorney's fees and costs.

(Doc. 15 at 9).[2] Specifically, Plaintiff seeks reimbursement of **$5,885** in attorney's fees,

at a rate of $275 per hour, for the following: 0.4 hours spent on correspondence related to

e-mails and production of discovery; 0.6 hours spent participating in conferences with the

Court; 2.5 hours spent reviewing discovery and preparing for Downs's reopened

deposition; 1.2 hours spent traveling to and from Downs's reopened deposition; 1.3 hours

spent on Downs's re-opened deposition; 9.4 hours spent on the instant motion; and 6.0

hours spent on the reply in support of the instant motion. (Doc. 15 at 9; Doc. 18 at 7–8).

---

[2] Plaintiff first mentioned sanctions pursuant to Federal Rule of Civil Procedure 26(g) in his
reply memorandum. (Doc. 18 at 4-6). Rule 26(g) provides that "[i]f a certification violates this
rule without substantial justification, the court, on motion *or on its own*, *must* impose an
appropriate sanction on the signer . . . ." (emphasis added). *See also Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) (affirming the inherent power of courts to grant sanctions *sua sponte*).

Plaintiff also seeks $165 for the court reporter's attendance at Downs's reopened deposition, and $175 for the cost of the transcript for Downs's reopened deposition. (Doc. 18 at 8).

Plaintiff's total recovery sought is **$6,225.**

## II.      STANDARD OF REVIEW

### A.      Federal Rule of Civil Procedure 37

A district court has wide discretion in determining an appropriate sanction under Rule 37. *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Systems v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). The exercise of the Court's discretion is informed by four factors:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered.

*Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 765-766 (6th Cir. 2005).

### B.      Federal Rule of Civil Procedure 26

Sanctions under Rule 26(g) are not discretionary if a district court finds that a discovery filing was signed in violation of Rule 26. *McHugh v. Olympia Entertainment, Inc.*, 37 Fed. App'x 730, 741 (6th Cir. 2002). However, this mandatory provision "extends only to *whether* a court must impose sanctions, not to *which* sanction it must impose." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 51 (1991) (emphasis in original). The determination of which sanction is appropriate is left up to the discretion of the district

court, taking into account the circumstances of the case. *Martin v. LaBelle*, No. 00-1157, 2001 WL 345791, at *3 (6th Cir. Mar. 27, 2001).

## III.    ANALYSIS

### A.    Federal Rule of Civil Procedure 37

#### 1.    Rule 37(a)

Rule 37(a) provides for payment or apportionment of a movant's reasonable expenses incurred in making a motion to compel, if the motion to compel is granted or granted in part. Fed. R. Civ. P. 37(a)(5). The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to produce discovery in an effort to obtain it without court action. Fed. R. Civ. P. 37(a)(1). Rule 37 certifications are comprised of two components:

> First is the actual certification document. The certification must accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute. Second is the performance, which also has two elements. The moving party performs, according to the federal rule, by certifying that he or she has (1) in good faith (2) conferred or attempted to confer. Each of these two subcomponents must be manifested by the facts of a particular case in order for a certification to have efficacy and for the discovery motion to be considered.

*In re Johnson*, 408 B.R. 115, 119-120 (S.D. Ohio 2009) (quoting *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996)).

Plaintiff argues that, although a motion to compel was not filed in this discovery dispute, the Court should award the expenses he incurred in extrajudicial efforts to resolve the dispute. (Doc. 15 at 8-9). In support of his argument, Plaintiff cites *J4 Promotions, Inc. v. Splash Dogs, LLC*, 2010 WL 2162901 (S.D. Ohio May 25, 2010) and

5

*JPMorgan Chase Bank, N.A. v. Neovi, Inc.*, No. 2:06-CV-0095, 2007 WL 781648 (S.D. Ohio Mar. 12, 2007).  However, in both of those cases, subsequent to the movants' extrajudicial efforts to resolve the disputes, the movants actually filed motions to compel. Here, Plaintiff neither filed a motion to compel, nor provided the required certification.[3] Accordingly, the Court declines to award Plaintiff's expenses on the basis of Rule 37(a).

### 2.      Rule 37(d)

Like Rule 37(a) expenses, Rule 37(d) sanctions are available only if the motion for sanctions includes a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.  Fed. R. Civ. P. 37(d)(1)(B).

Plaintiff notes in his motion that he requested that Defense counsel supplement the original discovery, but that the parties reached an impasse.  (Doc. 15 at 4-5).   Such a vague allegation is not a sufficient Rule 37 certification.

> [I]n order to effectuate the underlying policy of the federal rule, a moving party must include more than a cursory recitation that counsel have been "unable to resolve the matter."  Counsel seeking court-facilitated discovery, instead, must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties.  That is, a certificate must include, inter alia, the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any.

*In re Johnson*, 408 B.R. at 120.  Accordingly, sanctions under Rule 37(d) are not

---

[3] Courts routinely deny Rule 37(a) motions for failure to include the required certification. *See, e.g.*, *Wasserman v. Bowers*, No. 5:09-CV-180, 2011 WL 2788307 (E.D. Ky. 2011); *Hilton-Rorara v. State and Fed. Comm., Inc.*, No. 5:09-CV-01004, 2010 WL 148127 (N.D. Ohio 2010).

available.[4]

## B.    Federal Rule of Civil Procedure 26

By signing a discovery response, an attorney certifies that to the best of his or her knowledge, information, and belief formed after a reasonable inquiry, the response is not imposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.  Fed. R. Civ. P. 26(g)(1)(ii).  The attorney's signature "certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand."  Advisory Committee Notes to 1983 Amendments.  "An attorney has made a reasonable inquiry if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances . . . .  Ultimately, what is reasonable is a matter for the court to decide on the totality of the circumstances." *Brown v. Tellermate Holdings Ltd.*, No. 2:11-CV-1122, 2014 WL 2987051, at *17 (S.D. Ohio July 1, 2014).  Rule 26(g)(3) provides that "[i]f a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both.  The sanction may include an order to pay the reasonable expenses, including attorneys' fees, caused by the violation."  While the court must impose a sanction, the court has discretion to determine what degree of sanction is appropriate in light of the

---

[4] Courts routinely deny Rule 37(d) motions for failure to meet the procedural requirement of including the required certification.  *See, e.g.*, *Laues-Gholston v. Mercedes-Benz*, No. 14-10844, 2014 WL 9866450, at *9 (E.D. Mich. 2014); *Wasserman, supra*, 2011 WL 2788307, at *1.

circumstances of the case.  *Martin v. LaBelle*, No. 00-1157, 2001 WL 345791, at *3 (6th Cir. Mar. 27, 2001).

Defendants admit that incomplete discovery was provided in their initial response. (Doc. 17 at 1).  Defendants provide no explanation for their failure to provide responsive e-mails in the first instance.  (*See id.* at 4) (referring to their conduct as a "discovery blunder").[5]  Instead, Defendants contend that they should not be sanctioned because "when the incompleteness was discovered, defense counsel immediately agreed to provide the remaining documents, and set out to do so." (*Id.* at 1).  However, this does not provide substantial justification for Defendants' failure to provide responsive documents at the outset.

The Court finds that the following attorney's fees, at a rate of $275 per hour,[6] should be reimbursed because they were caused by the Defendants' incomplete discovery: 0.4 hours spent on correspondence related to e-mails and production of discovery ($110); 0.6 hours spent on the May 22, 2015 and June 11, 2015 status conferences ($165); and 1.3 hours spent on re-opening Downs's deposition ($357.50). The Court also finds that the costs for the court reporter to attend Downs's reopened deposition ($165) and the costs for Downs's reopened deposition transcript ($175) were

---

[5] Plaintiff alleges that no inquiry took place, relying on Luke's deposition testimony that he did not personally search his e-mail and that he was not asked by Defense counsel to do so.  (Doc. 18 at 2-4).  Plaintiff also notes that Luke participated in answering the interrogatories or requests for production.  (*See* Doc. 15 at 7).

[6] Plaintiff's counsel's rate of $275 per hour has previously been approved by this Court as reasonable in an employment action.  *See Snelling et al. v. ATC Healthcare Services, Inc. et al.*, No. 2:11-cv-983 (S.D. Ohio Aug. 27, 2014) (Order granting attorneys' fees).

caused by Defendants' violation and should be reimbursed.  These attorney's fees and costs total $972.50.

The Court must also consider whether the attorney's fees related to the instant motion should be reimbursed.  Defendants argue that the spirit and text of the local rules should have prompted Plaintiff to consult with them regarding the amounts in question prior to filing the instant motion.  As the Court had ordered Plaintiff, if he so desired, to move for costs associated with the discovery dispute on or before June 30, 2015 (*see* June 11, 2015 Minute Entry and Notation Order), Defendants themselves were also aware of the potential, and Defendants likewise could have reached out to Plaintiff to negotiate before the filing of the instant motion.  Be that as it may, taking into account Defendants' willingness to provide the additional discovery after the incompleteness of their first response was brought to their attention, and given the possibility that Plaintiff might have avoided the need for the instant motion if he had consulted with Defendants prior to filing his motion, the Court finds that payment of only a portion of the attorney's fees Plaintiff incurred in filing his motion for sanctions is appropriate under the circumstances: to wit, $550 for the motion (*i.e.*, two hours) and $275 for the reply (*i.e.*, one hour) -- $825 total.

The Court declines to order Defendants to reimburse Plaintiff for attorney's fees incurred for reviewing the e-mails and preparing for the reopened deposition, as such review and preparation would have been required regardless of the timing of the production of the e-mails.  The Court also declines to order Defendants to reimburse Plaintiff for attorney's fees incurred for travelling to and from Downs's reopened deposition, because Plaintiff already had another deposition scheduled that day in

Dayton, Ohio.  Finally, the Court declines to impose any additional sum meant to punish Defendants.

### IV.    CONCLUSION

For these reasons: (1) Plaintiff's motion for sanctions is **GRANTED IN PART** and **DENIED IN PART** as set forth in this Order; and (2)  Defendants shall reimburse the Plaintiff the total sum of  **$1,797.50** for attorney's fees and costs within 30 days of entry of this Order.

**IT IS SO ORDERED**.

Date:  12/4/15                                              _s/ Timothy S. Black_
                                                            Timothy S. Black
                                                            United States District Judge