UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROGER PAUL LANKFORD,
   Plaintiff,

Case No.1:14-cv-682
Litkovitz, M.J.

vs.

RELADYNE, LLC, *et al.*,
   Defendants.

**ORDER**

This civil action is before the Court on Plaintiff's motion *in limine* (Doc. 48) and the parties' responsive memoranda (Docs. 50, 56).

Plaintiff moves the Court to prohibit Defendants "and their employees, agents, attorneys, and witnesses, from introducing, directly or indirectly, through evidence, testimony, mention, or argument at trial information or documentation acquired after Defendants made the decision to terminate Plaintiff" ("post-termination evidence"). (Doc. 48 at 1). Specifically, Plaintiff seeks the exclusion of testimony, documentation, or other evidence given by or obtained through Roger Craft or David Miller. In the alternative, Plaintiff seeks: (1) bifurcation of the trial into liability and damages phases; or (2) issuance of a limiting instruction.

## I.    FACTUAL BACKGROUND

Plaintiff alleges that Defendants discriminated against him because of his disability in violation of the Americans with Disabilities Act (ADA) and analogous state law, interfered with his rights under the Family and Medical Leave Act (FMLA), and unlawfully retaliated against him when they terminated his employment in February

2014. (*See* Doc. 7). Specifically, Plaintiff alleges that he was terminated because he suffered from, and took FMLA leave due to, alcohol dependency. (*Id.*)

Defendants contend that Plaintiff was terminated because he misappropriated company product by providing free oil changes to family members. (*See* Doc. 19). Plaintiff argues that statements made by Defendants' upper-level managers and the circumstances surrounding his termination demonstrate that Defendants' proffered reason is pretextual. (*See* Doc. 31).

At trial, plaintiff may contend that his family members obtained free oil changes at a Covington High School fundraiser. (*See* Doc. 27 at 79).[1] Roger Craft, Covington High School's Athletic Director, and David Miller, Covington High School's Football Coach, have indicated that Plaintiff did not donate any oil changes to the high school's athletic booster association or football team.[2] However, neither Craft nor Miller gave any information to Defendants prior to Plaintiff's termination. (*See* Doc. 31 at 35).

## II. STANDARD OF REVIEW

The Court has the discretion to rule on an evidentiary motion *in limine* pursuant "to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). "The purpose of a motion *in limine* is to allow the Court to rule on issues pertaining to evidence in advance of trial in order to avoid delay

---

[1] Plaintiff may also contend he donated oil change cards to the Casstown Fire Department for an auction held by the Department, which was attended by his mother and sister-in-law. (*See* Doc. 56 at 1-2, n.1).

[2] In a deposition, Craft testified that Plaintiff did not donate oil changes to the "Bucc's Bash" fundraising event or any other athletic booster event. (*See* Doc. 22 at 23–24). In an affidavit, Miller testified that Plaintiff did not donate oil changes to the football team. (*See* Doc. 19 at 22–23). This testimony would tend to show that Plaintiff's family members could not have "won" the free oil changes at fundraisers sponsored by these organizations.

and ensure an even-handed and expeditious trial." *Morrison v. Stephenson*, No. 2:06–cv–283, 2008 WL 5050585, at *1 (S.D. Ohio Nov. 20, 2008) (citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (internal citations omitted)). *See also Tuttle v. Tyco Elecs. Installation Servs. Inc.*, No. 2:06–cv–581, 2008 WL 343178, at *1 (S.D. Ohio Feb. 7, 2008).

A party seeking to exclude evidence on a motion *in limine* must demonstrate that the evidence is clearly inadmissible on all potential grounds. *See Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *English Woods Civic Ass'n/Resident Cmty. Council v. Cincinnati Metro. Hous. Auth.*, No. 1:03–cv–186, 2004 WL 6043508, at * 1 (S.D. Ohio Nov. 23, 2004) (a motion *in limine* should be granted only where evidence "is clearly inadmissible for any purpose") (citation omitted); *cf. Luce*, 469 U.S. at 41. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Indiana Ins. Co.*, 326 F. Supp. 2d at 846.

If the Court denies a motion *in limine*, the evidence sought to be excluded by the motion will not necessarily be admitted at trial. *Id.* The Court will consider objections raised at trial, even if the objection falls within the scope of a motion *in limine* that has been denied. *Id.* at 846–47 (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (citing *Luce*, 469 U.S. at 41)). The trial judge, in the exercise of her sound discretion, is free to alter a previous *in limine* ruling at trial. *Luce*, 469 U.S. at 41–42. *See also United States v. Hurd*, 7 F.3d 236, 1993 WL 389944, at *3 (6th Cir. 1993)

3

(table) (a ruling on a motion *in limine* is essentially an advisory ruling which the trial court is permitted to change during the trial).

A motion *in limine* that seeks to exclude broad categories of evidence should rarely be granted. *Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir. 1975). The better practice is to deal with questions of admissibility of evidence as they arise at trial. *Id.*; *see also SPX Corp. v. Bartec USA,* No. 06–14888, 2008 WL 3850770, at *3 (E.D. Mich. Aug. 12, 2008) ("Normally, motions *in limine* are not proper procedural devices for the wholesale disposition of theories or defenses."). A motion *in limine* is meant to address evidentiary questions and is not an appropriate device for resolving substantive issues, nor a substitute for summary judgment. *Tuttle*, No. 2:06–cv–581, 2008 WL 343178, at *5 (citations omitted). *See also ABC Beverage Corp. & Subsidiaries v. United States,* No. 1:07–cv–051, 2008 WL 5424174, at *2 (W.D. Mich. Dec. 4, 2008) (noting that motions *in limine* are not "substitutes for dispositive motions") (citations omitted).

### III. ANALYSIS

Plaintiff moves the Court to prohibit Defendants from offering the post-termination evidence on two grounds: (1) Defendants did not plead after-acquired evidence as an affirmative defense in their Answer (Doc. 8); and (2) the post-termination

evidence is not relevant to the issue of liability and poses a risk of unfair prejudice and confusion.[3]

### A. The After-Acquired Evidence Doctrine

The after-acquired evidence doctrine limits a plaintiff's ability to recover damages resulting from a defendant's improper termination of an employment relationship when an employer discovers evidence of prior employee misconduct after the employee's actual or constructive discharge, if that misconduct is "of such severity that the employee would have been terminated on those grounds alone if the employer had known of it at the time of discharge." *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 360–63 (1995). In cases where the doctrine applies, "neither reinstatement nor front pay is an appropriate remedy" because "[i]t would be both inequitable and pointless to order the reinstatement of someone the employer would have terminated, and will terminate, in any event and upon lawful grounds." *Id.* at 362. An employee may recover back pay, but the recovery is limited to the "time period from the unlawful discharge until the discovery of the material evidence of wrongdoing." *Moos v. Square D Co.*, 72 F.3d 39, 43 n. 3 (6th Cir. 1995).

As a general matter, a defendant is required to plead in its answer any affirmative defense on which it intends to rely. Fed. R. Civ. P. 8(c). Here, the Court need not decide whether the after-acquired evidence doctrine is an affirmative defense which must be

---

[3] Plaintiff also indicates that Miller was never identified as a potential witness. However, Defendants have provided evidence that they identified Miller as a potential witness in a list disclosed to Plaintiff on May, 22, 2015. (*See* Doc. 50 at 8, 15).

5

pled in accordance with Rule 8(c), because Defendants have confirmed that they are <u>not</u> seeking to assert such a defense. (*See* Doc. 48).

In offering the post-termination evidence, Defendants do not seek to introduce a "new" theory of wrongdoing that would provide grounds for limiting Plaintiff's damages. Instead, Defendants seek to corroborate their proffered reason for termination, which existed at the time Plaintiff was terminated—that Plaintiff misappropriated company product by giving it to his family members. Accordingly, the Court declines to exclude the post-termination evidence pursuant to Rule 8(c).[4]

**B. Rule 403**

Only evidence that is relevant is admissible at trial. Fed. R. Evid. 402. Evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice does not mean the damage to a [party's] case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis." *United States v.*

---

[4] As an alternative to excluding the post-termination evidence, Plaintiff asks the Court to either bifurcate the trial into liability and damages phases, or to instruct the jury that such evidence is relevant to damages only. Because Defendants do not seek to limit damages by way of an after-acquired evidence defense, Plaintiff's alternative requests are denied as moot.

*Newsom*, 452 F.3d 593, 603 (6th Cir. 2006). A district court has broad discretion in making a Rule 403 determination. *U.S. v. Bonds*, 12 F.3d 540, 567 (1993).

Cases such as these ultimately hinge on a straightforward inquiry: why did the employer terminate the employee? *See Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 n. 4 (6th Cir. 2009). Where evidence was not known to the employer at the time it decided to terminate its employee, it cannot be probative of the employer's motivations. *See McKennon*, 513 U.S. at 360; *Brenneman v. Medcentral Health Sys.*, 366 F.3d 412, 416 n.2 (6th Cir. 2004) ("Thus while this post hoc ground for Plaintiff's termination may be relevant to the calculation of any damages, it is irrelevant to the determination of whether defendant improperly terminated plaintiff under the ADA or the FMLA in the first instance.").

Defendants seek to offer the post-termination evidence to bolster their proffered non-pretextual reason for Plaintiff's termination. Critically this evidence—which would support the contention that Plaintiff had not donated free oil changes to Covington High School such that they could have been "won" by his family members—was not discovered by Defendants until <u>after</u> Plaintiff had been terminated.

While the post-termination evidence cannot be probative of Defendants' motivations at the time they terminated Plaintiff, the Court can envision other contexts in which such evidence could be relevant, including: (1) to rebut an allegation that

7

Defendant's proffered reason for the termination had no basis in fact;[5] or (2) to question the credibility of testimony given by Plaintiff or his family members. The Court finds that its Rule 403 determination is best deferred until trial, so that it may resolve questions of relevancy and potential prejudice in their proper context. *See Indiana Ins. Co.*, 326 F. Supp. 2d at 846.

## VI. CONCLUSION

Accordingly, for the foregoing reasons:

(1) The Court **DENIES** Plaintiff's motion *in limine* (Doc. 48) to the extent that Plaintiff seeks exclusion of the post-termination evidence pursuant to Fed. R. Civ. P. 8(c); and

(2) The Court reserves ruling on Plaintiff's motion *in limine* (Doc. 48) to the extent that Plaintiff seeks exclusion of the post-termination evidence pursuant to Fed. R. Evid. 403.

**IT IS SO ORDERED.**

Date: 4/1/16

Karen L. Litkovitz
United States Magistrate Judge

---

[5] *See Weber v. Tada*, 589 F. App'x 563, 568 (2d Cir. 2014) (declining to reverse the district court's ruling that after-acquired evidence was admissible to show that the defendants' purported non-discriminatory reason for terminating the plaintiff was true).