UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROGER PAUL LANKFORD,
Plaintiff,

Case No. 1:14-cv-682
Litkovitz, M.J.

vs.

RELADYNE, LLC, *et al.*,
Defendants.

**ORDER**

This matter is before the Court following the final pretrial conference held on April 4, 2016 and a telephone conference held on April 7, 2016. At these conferences, defendant objected to the admissibility of plaintiff's medical records on grounds of authenticity and hearsay. The parties have briefed these issues and the matter is ripe for resolution. (Docs. 67, 70).

**I. Authentication of Plaintiff's Medical Records**

Defendant calls into question the authenticity of plaintiff's medical records from The Treatment Center of the Palm Beaches ("the Treatment Center"). Defendant represents that pursuant to a release form executed by plaintiff, defendant received a copy of plaintiff's medical records. After defendant refused to stipulate that these records were authentic, plaintiff sought an affidavit certifying the authenticity of the records from the Treatment Center's custodian of records. In executing that affidavit, the Treatment Center attached to it another copy of plaintiff's records. Defendant represents that the copy of the records attached to the affidavit included some pages that were not in the original set of records released to defendant and excluded some pages that were in the original set of records released to defendant. Defendant argues that given the discrepancy between the two sets of records, it has no way of knowing whether either set of records is the full set and, thus, authentic.

At the Court's request, plaintiff has provided the Court with copies of the original April 2015 set of records that the Treatment Center released to defendant's counsel and the March

2016 set of records that were attached to the March 18, 2016 affidavit of Celina Pizarro, the Treatment Center's custodian of records, in response to plaintiff's request to have his medical record authenticated. Plaintiff has since obtained an April 6, 2016 affidavit from Ms. Pizarro in which she attests that the six pages of records that plaintiff seeks to introduce at trial are authentic. Ms. Pizarro attests that those pages consist of a three-page discharge summary and three pages of plaintiff's history, physical exam, and diagnosis.

Under the Federal Rules of Evidence, a proponent of an item of evidence must authenticate that item by producing "evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Here, plaintiff has offered the April 6, 2016 affidavit of Ms. Pizarro, the Treatment Center's custodian of records, to authenticate the six pages of medical records that plaintiff seeks to introduce at trial. The Court finds that these six pages were also included in the original release of records to defendant's counsel in April 2015 as well as the set of records attached to Ms. Pizarro's earlier affidavit in March 2016. The Court has examined these pages and finds that Ms. Pizarro has properly characterized them in her April 6, 2016 affidavit. Further, such an affidavit is an appropriate means of authenticating medical records. *See Shannon v. Advance Stores Co.*, No. 3:08-cv-940, 2009 WL 2767039, at *4-*5 (M.D. Tenn. Aug. 27, 2009) (finding that medical records could be authenticated by "affidavit or other evidence"); *Knapp v. City of Columbus*, No. 2:01-cv-255, 2005 WL 6168484, at *5 (S.D. Ohio Feb. 16, 2005) (finding affidavits plaintiff supplied to the Court were sufficient to authenticate doctor letters and treatment notes).

Defendant apparently argues that the discrepancies between the two sets of medical records released in April 2015 and March 2016 call into question the authenticity of any records from the Treatment Center. This argument is not well-taken. The discrepancies between the two sets of records are not material to the question of whether plaintiff was dependent on alcohol at

the time of his admission at the Treatment Center. For example, while the March 2016 records include a four-page "Admission Psychiatric Evaluation" that was not included in the April 2015 records, this evaluation only confirms the diagnosis of alcohol dependence in the discharge summary that plaintiff seeks to admit at trial. Further, while the April 2015 set of records includes only 5 pages of lab results in contrast to the 29 pages of lab results in the March 2016 set of records, this discrepancy is not material because the additional records of plaintiff's complete blood counts during his stay at the Treatment Center have no bearing on whether plaintiff was dependent on alcohol, which is the issue for which the Treatment Center records are relevant. As to the relevant issue of plaintiff's alcohol dependence, the April 2015 set of records are internally consistent in diagnosing plaintiff with alcohol dependence throughout his stay at the Treatment Center. Nothing in the March 2016 records calls this diagnosis into question. Defendant's mere speculation that the Treatment Center might still hold additional records that would contradict this diagnosis is not well-taken. *See Higgs v. Transp. Specialist Sanford*, No. 5:07-cv-P77, 2009 WL 1939026, at *1 (W.D. Ky. Jul. 6, 2009) (quoting *United States v. Dhinsa*, 243 F.3d 635, 658 (2d Cir. 2001)) ("Rule 901 does not erect a particularly high hurdle, and the proponent of the evidence is not required to rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be.").

In sum, plaintiff has twice provided affidavits from the Treatment Center's custodian of records to certify that the six pages of records that he seeks to introduce at trial are authentic. This is sufficient for purposes of Rule 901. *See See Shannon*, 2009 WL 2767039, at *4-*5; *Higgs*, 2009 WL 1939026, at *1; *Knapp*, 2005 WL 6168484, at *5. Accordingly, defendant's authentication objection to the Treatment Center records is **OVERRULED**.

## II. Hearsay Objection

Defendant argues that the diagnosis of alcohol dependence in plaintiff's medical records is barred by the rule against hearsay. (Doc. 67 at 1). Defendant contends that statements made by a doctor to his patient do not fall under the exception in Federal Rule of Evidence 803(4) for statements made for the purpose of medical diagnosis or treatment. (*Id.* at 1-2). Defendant argues that "statements made by a doctor giving a diagnosis still are required to be proven [by expert testimony] under Federal Rule of Evidence 702." (*Id.* at 2).

Plaintiff argues, in relevant part, that the diagnosis of alcohol dependence in plaintiff's medical records is admissible under the business records exception in Rule 803(6). (*See* Doc. 70 at 3-5).

"'Hearsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay is not admissible unless a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court provide otherwise. Fed. R. Evid. 802. The Rule 803(4) exception to the rule against hearsay for statements made for the purpose of medical diagnosis or treatment "applies only to statements made by the one actually seeking or receiving medical treatment" and not to statements allegedly made by a doctor to his patient. *Field v. Trigg Cty. Hosp., Inc.*, 386 F.3d 729, 736 (6th Cir. 2004). Under Rule 803(6), business records will not be excluded by the rule against hearsay if they satisfy the following requirements:

> (1) they must have been made in the course of regularly conducted business activities; (2) they must have been kept in the regular course of business; (3) the regular practice of that business must have been to have made the [record]; and (4) the [record] must have been made by a person with knowledge of the transaction or from information transmitted by a person with knowledge.

4

*Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 588 (6th Cir. 2009). Medical records may qualify for the business record exception to the rule against hearsay. *See Coldiron v. Clossman Catering, LLC*, No. 1:14-cv-300, 2015 WL 9583387, at *11 (S.D. Ohio Oct. 27, 2015) (citing *Norton v. Colyer*, 828 F.2d 384, 386-87 (6th Cir. 1987)).

Here, the diagnosis contained in plaintiff's medical records is admissible under the business records exception in Rule 803(6). At the final pretrial conference, defendant argued that as the Court held in *Coldiron*, 2015 WL 9583387, at *8, statements of plaintiff's medical providers are not admissible under Rule 803(4). While defendant is correct that Rule 803(4) does not apply to statements made by a treating physician, a closer reading of *Coldiron* would have revealed that medical records "are admissible as business records" under Rule 803(6). *Coldiron*, 2015 WL 9583387, at *11. In her affidavit, Ms. Pizarro attests that: (1) plaintiff's medical records were made and kept in the ordinary course of business; (2) it was the Treatment Center's regular practice to make and maintain such records; and (3) the records were made by or from information transmitted by a person with knowledge of plaintiff's treatment. *See Cobbins*, 566 F.3d at 588. Thus, the Court finds that the medical records at issue, including the diagnosis of alcohol dependence, are admissible under Rule 803(6).

Further, the Court finds that the medical records at issue are admissible without requiring a witness to be at trial to lay a foundation for them. Rule 803(6) was amended in 2000 to no longer require foundation witnesses as a condition to the admissibility of business records: "The amendment provides that the foundation requirements of Rule 803(6) can be satisfied under certain circumstances without the expense and inconvenience of producing time-consuming foundation witnesses." Advisory Committee Note (2000 Amendment) to Fed. R. Evid. 803(6). Thus, the affidavits of the custodian of records lay the required foundation for the medical records to be admitted.

Finally, defendant's argument that the medical records may not be introduced unless a medical expert testifies is not well-taken. Courts have discretion to exclude medical evidence that is likely to confuse a jury in the absence of expert testimony. *See United States v. Mason*, 294 F. App'x 193, 200 (6th Cir. 2008). In *Mason*, the defendant sought to introduce his medical records—without expert testimony—to show that he was suffering from paranoid delusions that impacted his knowledge, willfulness, and intent to commit the charged crimes. *Id.* at 195-96. The trial judge excluded the medical records because "[if] we put this document in with no expert explanation of how it relates to the issues in this case, I think we're inviting guesses and speculation." *Id.* at 197. Further, the trial judge found that the medical records were not directly "relevant to any issue the jury would have before it." *Id.* Here, in contrast, the medical records containing the diagnosis of alcohol dependence is directly relevant to the issues of whether plaintiff had a "serious health condition" for FMLA purposes and a "disability" for ADA purposes. Further, unlike the issue of mental state and culpability considered in *Mason*, the diagnosis of alcohol dependence does not require expert testimony to make it understandable to the jury. Accordingly, defendants' hearsay objection is **OVERRULED**.

Nothing in this ruling precludes defendant from moving for the admission of the entirety of the Watershed and Treatment Center records at trial.

### III. Conclusion

For the foregoing reasons, defendant's objections to the admissibility of plaintiff's medical records are **OVERRULED**.

**IT IS SO ORDERED.**

Date: 4/8/16

Karen L. Litkovitz
United States Magistrate Judge

6