### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ROGER PAUL LANKFORD,
    Plaintiff,

    vs.

RELADYNE, LLC, *et al.*,
    Defendants.

Case No. 1:14-cv-682
Litkovitz, M.J.

**ORDER**

This matter is before the Court on the parties' post-trial briefs on liquidated damages under the Family Medical Leave Act of 1993 ("FMLA"). (Docs. 86, 87). The jury returned a verdict for plaintiff on his claims of FMLA interference and FMLA retaliation. (Doc. 84 at 2). The jury awarded plaintiff $142,717.71 for defendant's violation of plaintiff's FMLA rights. (*Id.* at 3). Having considered the parties' post-trial briefs, the Court concludes that plaintiff is entitled to liquidated damages in the amount of $142,717.71 plus prejudgment interest at the statutory rate as a result of defendant's violation of his rights under the FMLA.

The plain language of the FMLA reserves the issue of awarding liquidated damages to the trial court. *See* 29 U.S.C. § 2617(a)(1)(A)(iii) (stating that a plaintiff proving an FMLA violation shall be entitled to recover liquidated damages unless the employer "proves to the satisfaction of the court that the act or omission which violated [the FMLA] was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of [the FMLA]"). The Court may not "exercise its discretionary authority to reduce or eliminate a liquidated damages award unless the employer first sustains its burden of proving that its 'failure to obey the statute was *both* in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon it more than a compensatory verdict.'" *Arban v.*

*W. Pub. Corp.*, 345 F.3d 390, 408 (6th Cir. 2003) (quoting *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 840 (6th Cir. 2002)).

Defendant argues that it acted in good faith because it "immediately" granted plaintiff's request for FMLA leave and no one criticized his decision to take leave or discouraged him from doing so. (Doc. 87 at 2). Defendant asserts that it has granted FMLA leave to 23 employees, all of whom were returned to work except plaintiff who "was the only one whose dishonesty was discovered during the time of his or her FMLA leave." (*Id.*). Defendant contends that Walter Rogers, the vice president of human resources, was the primary decision-maker as to plaintiff's termination and "[t]here simply is no evidence that Rogers was improperly influenced in any way, or acted other than with an honest intention to ascertain what the FMLA required and to act reasonably upon the information available to him, after consultation with counsel." (*Id.* at 3). Defendant asserts that when plaintiff went on FMLA leave, "his supervisors wished him well, and expressed their support for his decision." (*Id.*).

Here, defendant's arguments against an award of liquidated damages are contrary to the jury's findings. As in *Arban*, defendant "claims that Plaintiff was not terminated because of his leave, but because of misconduct." 345 F.3d at 408. In instructing the jury on plaintiff's FMLA retaliation claim the Court gave the following instruction, in relevant part:

> [Plaintiff] claims that [defendant] terminated him because he took medical leave under the FMLA. [Defendant] denies [plaintiff's] claim and states that it acted in good faith and terminated [plaintiff] without regard to his medical leave.
>
> . . .
>
> . . . If you find that [defendant] has stated a legitimate nondiscriminatory or nonretaliatory reason for terminating [plaintiff], then you must decide in favor of [defendant] unless [plaintiff] proves by a preponderance of the evidence that the stated reason was not the true reason but was only a pretext or excuse for [defendant's] discrimination or retaliation against [plaintiff] because he took FMLA leave.

2

As to pretext, the Court gave the following instruction:

> [Plaintiff] claims that [defendant's] articulated reasons for its actions are a pretext, or cover-up, for discrimination and retaliation prohibited by the FMLA . . . . A reason is pretextual where it (1) has no basis in fact; (2) did not actually motivate the decision; or (3) was insufficient to explain or motivate the decision. When you consider the issue of pretext, remember that the relevant question is whether [defendant's] reasons were not the real reasons for its actions.

Further, the Court gave the following instruction concerning honest belief:

> As long as [defendant] held an honest belief in its proffered reason, [plaintiff] cannot establish pretext, even if [defendant's] reason is ultimately found to be mistaken, foolish, trivial or baseless. An employer has an honest belief in its reason for discharging an employee where the employer reasonably relied on the particularized facts that were before it at the time the decision was made. In determining whether an employer reasonably relied on the particularized facts before it, the law does not require that the decisional process used by the employer be optimal or that it left no stone unturned. Rather, the key question is whether the employer made a reasonably informed and considered decision before taking an adverse employment action. If [plaintiff] is able to produce sufficient evidence to establish that [defendant] failed to make a reasonably informed and considered decision before terminating him, thereby making its decisional process unworthy of credence, then any reliance placed by [defendant] in such a process cannot be said to be honestly held.

The Court "presumes that the jury followed the [Court's] instructions." *Arban*, 345 F.3d at 408. Based on the instructions quoted above, the jury necessarily found that defendant terminated plaintiff in retaliation for his FMLA leave and not because of a good faith belief that plaintiff had misappropriated company property. *See id.* ("In finding in favor of [plaintiff], the jury thus necessarily found that [defendant] made its decision because [plaintiff] 'took a medical leave,' not because of [plaintiff's] misconduct."). As the Sixth Circuit noted in *Arban*, when "legal and equitable issues to be decided in the same case depend on common determinations of fact, such questions of fact are submitted to the jury, and the court in resolving the equitable issues is then bound by the jury's findings on them." *Id.* at 408 (citation omitted). Thus, for this Court to find that defendant acted in good faith in terminating plaintiff's employment would directly conflict

3

with the jury's factual determinations that defendant knowingly retaliated against him for taking FMLA leave.  The Court does not have discretion to disregard the jury's finding that defendant did not act in good faith.  *See id.* ("In this case, the district court disregarded the jury's finding—that [defendant's] decision to fire [plaintiff] was a result of his medical leave and not his misconduct—in considering the liquidated damages issue.  Instead, the district court made its own contrary finding, which served as the basis for its denial of liquidated damages.  This was error.").

Accordingly, the Court awards plaintiff $142,717.71 in FMLA liquidated damages plus prejudgment interest on this award as provided by 29 U.S.C. §§ 2617(a)(1)(A)(ii) & (iii).

**IT IS SO ORDERED.**

Date: ___5/10/16___

Karen L. Litkovitz
United States Magistrate Judge